JOHN MANGOLD v. ERNEST BACON, Appellant.

In Banc, March 28, 1913.

1. **TAX SALE: Invalid: Judgment for Taxes Paid.** A plaintiff, who brings suit to redeem land from an invalid tax sale or to have the tax deed canceled and set aside, under the statutes must pay the taxes paid by defendant before he is entitled to judgment.

2. ———: ———: ———: **Not Pleaded.** The trial court is under no legal obligation to render judgment for the amount of taxes a defendant paid for the land at the illegal and invalid tax sale, where he sets up no claim thereto in his answer to plaintiff's petition to set aside the sale and cancel the deed; but where plaintiff made tender of the taxes, both in his petition and at the trial, and the amount is definitely known, the Supreme Court, on defendant's appeal, will modify the judgment by rendering judgment in his favor for the amount of taxes paid by him and by declaring the same a lien on the land.

Appeal from Butler Circuit Court.—*Hon. Jesse C. Sheppard,* Judge.

AFFIRMED (*as modified*).

*Leslie C. Green, Ernest A. Green* and *James F. Green* for appellant.

*David W. Hill* for respondent.

WOODSON, J.—This is the third time this case has reached this court. The opinions delivered on the former appeals are reported in 229 Mo. 459 and 237 Mo. 496.

There is no material difference between the present record of the case and the record thereof on the latter appeal; and all that can be said upon both sides of the case has been clearly and forcefully stated in said opinions; and no good purpose would be served by a re-discussion of the case at this time.

This judgment was rendered in conformity to the views of this court, as expressed in the opinion delivered in the case last cited, and after a re-examination of the same, we are satisfied with the results there reached, which are controlling.

However, the trial court, through oversight or inadvertence, failed to enter judgment in favor of appellant for the amount of the taxes he paid for the land at the tax sale, which was $12.50, notwithstanding the fact that the respondent made tender of the same in his petition, and also at the trial in open court.

Invalid Tax Sale: Payment of Taxes Paid.

After a careful consideration of sections 11483, 11495, 11505 and 11508, Revised Statutes 1909, we are of the opinion that it was the duty of the respondent to pay appellant the amount of said taxes, before he

was entitled to redeem the real estate from the tax sale, or to have the tax deed cancelled and set aside.

Recognizing that to be the law, respondent, in his petition tendered to appellant all the taxes he had bid and paid at the tax sale for the land, and at the trial tendered said sum of money to him in open court, who declined to receive it; and thereupon the court found for respondent and rendered judgment accordingly; but failed to render judgment for appellant for the sum so tendered him by respondent, presumably for the reason that appellant never set up in his answer a claim for said taxes so paid by him as authorized by sections 11508 and 11509, Revised Statutes 1909. Had he made such claim, then it would have been the plain duty of the trial court to have rendered judgment in his favor for said sum, and declared the same a lien upon said real estate, as provided by said statutes; but having failed to make such claim, the court was under no legal obligation to render judgment therefor. Since, however, said sum is justly due appellant, we will modify the judgment by rendering judgment here for said sum, $12.50, in favor of appellant, and the same is declared a first lien on said real estate.

Finding no error in the record, the judgment, as modified, is affirmed. *Lamm, C. J., Brown* and *Walker, JJ.,* concur; *Bond* and *Faris, JJ.,* concur in result; *Graves, J.,* dissents in separate opinion.

## DISSENTING OPINION.

GRAVES, J.—I dissent from the opinion of my brother Woodson in this case, for the reasons which I have heretofore fully expressed in the majority opinion in Mangold v. Bacon, 229 Mo. 459, and in the dissenting opinion in Mangold v. Bacon, 237 Mo. 496. I do not agree that the present record is the same as upon either of the former appeals; at least one addi-

tional reason might be assigned for the reversal of this judgment. I feel, however, that additional suggestions would be as unavailing as previous ones, and therefore desist. This is sufficient to record me in what I think is within the line of the law in this case. Under the majority opinion in 237 Mo. 496, the second opinion in this case, there isn't a tax title in Missouri which will stand the test there prescribed, unless the Statute of Limitations can be invoked. That such may produce dire results remains to be seen.